UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW DONEY, STRUCTURAL
INVESTMENTS & PLANNING IV, LLC,
WASHINGTON COAST II, LLC, and
PACIFIC CREST 1 DEVELOPMENT, LLC,

Plaintiffs,

v.

PACIFIC COUNTY, a municipal corporation,

Defendant.

CASE NO. C07-5123RJB

**ORDER**

This matter comes before the Court on Plaintiffs' Motion to Remand (Dkt. 4), Defendant's Motion and Memorandum to Dismiss Under FRCP 12(b)(6) (Dkt. 5), and Defendant's "Response to Plaintiff's Motion for Remand and Cross-Motion to Dismiss the Pleadings under F.R.C.P. Rule 12(c)" (Dkt. 7). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of a regulatory property takings challenge, whereby Plaintiffs allege that Defendant, Pacific County, unconstitutionally deprived Plaintiffs of their right to use, develop, and enjoy their property. Dkt. 1-2, at 5. In their Complaint, Plaintiffs allege that they are owners of a large tract of property located in Pacific County near or within the "Seaview Dunal Area," and that for the past sixty years, developments within the Seaview Dunal Area have

ORDER
Page 1

1  been the subject of "prolonged and highly contentious battles" among property owners and
2  various local entities.  *Id.*, at 7.  Plaintiffs alleg that on June 1, 2005, Pacific County approved a
3  permit that entitled Plaintiffs to conduct certain development activities on this property.  *Id.*, at 8.
4  Plaintiffs allege that widespread community disapproval of the development lead Pacific County
5  to thwart Plaintiffs' attempts to further develop the property.  *Id.*  Eventually, Pacific County
6  adopted a temporary moratorium barring certain development of property in the Seaview Dunal
7  Area.  *Id.*, at 9; Dkt. 12, at 4.  This act, Plaintiffs allege, constituted a taking under the Federal
8  and State Constitutions.  *Id.*, at 16-17.

9        Plaintiffs filed the original Complaint in Lewis County Superior Court on March 7, 2007.
10  *Id.*  On March 15, 2007, Pacific County removed the case to this Court pursuant to 28 U.S.C. §§
11  1331, 1441, and 1446.  Dkt. 1-1.  On March 26, 2007, Plaintiffs filed a Motion to Remand
12  pursuant to 28 U.S.C. § 1447(c).  On March 27, 2007, Pacific County filed a Rule 12(b)(6)
13  motion to dismiss Plaintiffs' substantive due process claim.  Dkt. 5.  Plaintiffs responded on
14  March 29, 2007.  Dkt. 6.  On March 30, 2007, Pacific County filed a Cross-Motion to Dismiss on
15  the Pleadings pursuant to Rule 12(c), asking the Court to dismiss the Plaintiffs' Federal
16  Constitution takings claim and related Civil Rights claims.  Dkt. 7, at 2.  Plaintiffs responded on
17  May 23, 2007.  Dkt. 11.  Pacific County filed an Answer on April 24, 2007.  Dkt. 12.

18        Currently pending before the Court are three motions: Plaintiffs' Motion to Remand (Dkt.
19  4), Defendant's Motion and Memorandum to Dismiss Under FRCP 12(b)(6) (Dkt. 5), and
20  Defendant's "Response to Plaintiff's Motion for Remand and Cross-Motion to Dismiss the
21  Pleadings under F.R.C.P. Rule 12(c)" (Dkt. 7).  Plaintiffs request that this Court remand the
22  entire case to state court.  Dkt. 4.  Pacific County asks this Court to deny Plaintiffs' Motion to
23  Remand, dismiss Plaintiffs' Fourteenth Amendment substantive due process claim (Dkt. 5), Fifth
24  Amendment takings claim (Dkt. 7), and related section 1983 and 1988 Civil Rights claims (Dkt.
25  7).  This Order will first address Plaintiffs' Motion to Remand.  Next, this Order will address
26  Pacific County's Rule 12(c) motion and will lastly adress Pacific County's Rule 12(b) motion.
27
28
ORDER
Page 2

## II. DISCUSSION

### A. PLAINTIFFS' MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION

*1. Remand Standard*

"A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking to preserve the district court's removal jurisdiction bears the burden of showing that the requirements for removal have been met. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the removal statute is strictly construed, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal citations omitted).

An action filed in state court may be removed only if the district court could have exercised jurisdiction over the action if originally filed there. *Id.* Absent diversity of citizenship, federal question jurisdiction is required, and the presence or absence of federal question jurisdiction is governed by the "well-pleaded" complaint rule. *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999).

*2. Plaintiffs' Motion to Remand Should be Granted Because Plaintiffs' Federal Takings Claim is Unripe*

Plaintiffs argue that the Court should remand all claims because Plaintiffs' federal takings claim is not yet "ripe" for adjudication based on the United States Supreme Court decision, *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). Plaintiffs argue that under "well-settled authority, a federal court lacks subject matter jurisdiction over a plaintiff's Fifth Amendment takings claim until such a time that the plaintiff has sought compensation through the inverse condemnation procedures provided under state law." Dkt. 4, at 2 (citing *Williamson County*, 473 U.S. 172). Plaintiffs further argue that remand of the entire case is appropriate because, under *San Remo Hotel L.P. v. City and County of San*

*Francisco*, 545 U.S. 323 (2005), plaintiffs are entitled to simultaneously pursue their federal claims with their state claims in a state court action. Dkt. 4, at 2. Last, Plaintiffs argue that, under Washington law, they are allowed to plead claims in the alternative, and Lewis County Superior Court could ultimately decide that Plaintiffs are not entitled to relief for inverse condemnation under state law, but are entitled to relief under the Federal Constitution. Dkt. 11, at 4.

Pacific County responds by stating that "the plaintiffs' Complaint presents federal questions under the Fifth and Fourteenth Amendments" and therefore Pacific County's removal of the action "was entirely proper." Dkt. 7, at 4. Pacific County asserts the following arguments: (1) the case was properly removed and therefore this Court should retain jurisdiction; (2) Plaintiffs' Complaint facially alleges satisfaction of the *Williamson County* ripeness requirements; (3) if the federal takings claim is not ripe under *Williamson County*, then the federal takings claim should be dismissed, not remanded; and (4) the Plaintiffs should bring a takings claim under state law alone in state court, and then if they are not afforded just compensation through the state procedure, they can bring a takings claim based on federal law in federal court (subject to possible issue preclusion). *Id.*, at 6-9. Further, Pacific County argues that Plaintiffs' Motion to Remand is "an attempt at forum manipulation through amendment of the Complain *sub silentio*, intended to deny the defendant access to a federal forum for adjudication of federal claims . . . ." Dkt. 13, at 3.

*Williamson County* and its progeny established a two prong standard to determine whether a takings claim is ripe. First, a claim that a government regulation effects a taking of a property interest is not ripe until the "government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Williamson County*, 473 U.S. at 186. Second, a takings claim is not ripe until the property owner "seeks compensation through the procedures the State has provided for doing so." *Id.* at 194.

While the case law surrounding *Williamson County* is in a state of flux, and several courts

1  have recently discussed the peculiar results produced by the second prong of the ripeness test, the
2  Ninth Circuit has repeatedly interpreted the second prong of *Williamson County* as requiring
3  Plaintiffs to pursue their claims in state court before they can bring a claim under the Fifth
4  Amendment, so long as the state provides an adequate procedure for receiving just compensation.
5  *See, e.g.*, *Broughton Lumber Co. v. Columbia River Gorge Comm'n*, 975 F.2d 616, 622 (9th Cir.
6  1992); *Bateson v. Geisse*, 857 F.2d 1300, 1305-06 (9th Cir. 1988).  Further, in the latest Supreme
7  Court decision interpreting *Williamson County*, the Supreme Court implicitly validated the second
8  prong of the *Williamson County* test by refusing to re-evaluate it.  *See San Remo Hotel*, 545 U.S.
9  at 337-38.  In *San Remo Hotel*, a case originating in the Ninth Circuit, the Supreme Court held
10 that there is no exception to the Full Faith and Credit Clause that would allow landowners, who
11 have been required to litigate an unripe takings claim in state court under *Williamson County*, to
12 avoid the preclusive effect of a final judgment of that state court in a federal court action.  *Id.* at
13 337.

14       Recently, however, courts have begun to question the prudence of requiring plaintiffs to
15 fulfill the second prong of *Williamson County*.  Most notably,  former Chief Justice Rehnquist, in
16 a concurring opinion in *San Remo Hotel*, brought *Williamson County's* second prong into
17 question, stating that "*Williamson County's* state-litigation rule has created some real anomalies,
18 justifying our revisiting the issue." *Id.* at 351 (Rehnquist, J. concurring).  Chief Justice Rehnquist
19 also noted that the Court's holdings in *San Remo* and *Williamson County* "all but guarantee[] that
20 claimants will be unable to utilize the federal courts to enforce the Fifth Amendment's just
21 compensation guarantee." *Id.*

22       Additionally, a Ninth Circuit panel has rejected "the notion that *Williamson County* stands
23 for the proposition that in taking cases the federal forum can be used only to compensate for the
24 inadequacies of state taking procedures." *Dodd v. Hood River County,* 59 F.3d 852, 858-61 (9th
25 Cir. 1995).  The *Dodd* court stated that because "the Court's language [in *Williamson County*] is
26 ambiguous," the court will "not allow this one-sentence tail to wag the entire opinion dog."
27 *Dodd*, 59 F.3d at 860.  The court pointed out that the Ninth Circuit has "assessed the ripeness of
28

ORDER
Page 5

a federal taking claim without mentioning the need to pursue a federal taking action in state court; instead [the Ninth Circuit has] looked exclusively to–and instructed litigants to pursue remedies under–*state substantive law*." *Id.* at 859 (emphasis added). "Reduced to its essence, to hold that a taking plaintiff must first present a Fifth Amendment claim to the state court system as a condition precedent to seeking relief in a federal court would be to deny a federal forum to every takings claimant." *Id.* at 860.

Nevertheless, *Williamson County* and *San Remo* remain valid; meaning, the Plaintiffs in this case must fulfill both prongs of the *Williamson County* ripeness test before proceeding in federal district court. Here, the Court need not consider the first prong because the second prong, whether state compensation procedures have been utilized, has not been met. Plaintiffs have not pursued a regulatory takings claim in state court because Pacific County removed the case before Plaintiffs had a chance to proceed. Dkts. 1 and 4. *Williamson County* requires exhaustion of state judicial remedies when the state provides an adequate process for obtaining compensation. *See Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 864 F.2d 1475, 1479 (9th Cir. 1989). Washington's mechanism for adjudicating claims of regulatory takings has been found adequate and a necessary prerequisite to a federal takings claim. *Macri v. King County*, 126 F.3d 1125 (9th Cir. 1997). Further, neither party has argued that the second prong of the *Williamson County* ripeness test is satisfied merely by filing the action in state court (as opposed to pursuing to its completion a state inverse condemnation claim in state court). And, although Plaintiffs need not bring a state court action when it would be futile to do so under existing state law, *Sinaloa*, 864 F.2d at 1479, neither party has shown, or even argued, that pursuit of a takings claim in a Washington court would be "futile." Because *Williamson County* remains valid legal authority and because Plaintiffs have not adjudicated an inverse condemnation claim in state court, the federal takings claim is not yet ripe and should accordingly be remanded to state court.

ORDER
Page 6

Therefore, to this extent, Plaintiffs' Motion to Remand should be granted.

**B.    PACIFIC COUNTY'S MOTION TO DISMISS PURSUANT TO RULE 12(c)**

*1.    Rule 12(c) Motion to Dismiss Standard*

Federal Rule of Civil Procedure 12 (c) provides as follows:

> **(c) Motion for Judgment on the Pleadings**. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief. *Berg v. Popham*, 412 F.3d 1122, 1125 (2005) (citations omitted). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Id.*

*2.    Pacific County's Rule 12(c) Motion to Dismiss Should be Denied*

Pacific County asks this Court to "dismiss the plaintiffs' United States Constitution-based Takings claim, and the related Civil Rights claims for damages" pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 7, at 1-2. Pacific County filed its Rule 12(c) motion to dismiss prior to filing an Answer. Dkts. 11 and 12. Plaintiffs argue that a motion made pursuant to Rule 12(c) can only be made "[a]fter the pleadings are closed," and therefore Pacific County's Rule 12(c) motion should be denied because it was filed before Pacific County had entered an Answer. Dkt. 11, at 2. Pacific County responds that this is a technicality the Court should overlook because Pacific County has now filed an Answer (Dkt. 12) and, in any case, there is no dispute as a matter of fact or of law that the Court lacks subject matter jurisdiction over the takings claim. Dkt. 13.

The pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have

ORDER
Page 7

been filed, assuming that no counterclaim or cross-claim is made. *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). Pacific County's motion for judgment on the pleadings was filed before it filed an answer, and therefore the motion was premature and should be denied. *See id.* Even if Pacific County's Rule 12(c) motion was not premature, it should still be denied.

Pacific County argues that dismissal, not remand, is the appropriate action when a federal law-based takings claim is not ripe for adjudication. *Id.*, at 2. Plaintiffs respond that, because the case was originally filed in state court, remand is proper, not dismissal. *Id.*, at 5. Plaintiffs argue that the "Court does not have authority to dismiss a cause of action when the alternative is to remand." Dkt. 11, at 4. Plaintiffs further argue that if this Court dismissed the federal takings claim, then the dismissal should be without prejudice and that this "would, of course, raise the infinite paradox of entitling Pacific County to remove the federal claims" again and then seek to dismiss the claims as unripe, which would "then cause the court to dismiss the claims without prejudice, and which would in turn lead the plaintiffs to reassert the claims in state court, etc." *Id.*, at 4 n.5.

Here, the proper course of action is to remand the action, including the federal takings claim, to state court. Plaintiffs first filed this case in the Superior Court of Lewis County, Washington. Dkt. 1-2. Pacific County removed the case to this Court (Dkt. 1-1), but because Plaintiffs have not been able to pursue their inverse condemnation claim in state court, this Court lacks jurisdiction over the takings claim. However, because these claims are before the Court following removal, the appropriate action is to remand the claims to state court. *See, e.g.*, *Bauknight v. Monroe County*, 446 F.3d 1327, 1331 (11th Cir. 2006) (the Eleventh Circuit has remanded to state court both federal and state takings claims after their removal when the federal takings claim was not yet ripe); *VRC, L.L.C. v. City of Dallas*, 391 F. Supp. 2d 437, 439-40

ORDER
Page 8

(N.D. Tex. 2005) ("There is some question as to whether this Court should remand or dismiss [the federal takings claim] . . . . Because this Court is remanding [plaintiff]'s state law claims . . . the Court will also remand the federal takings claim . . . ."); *BFI Waste Sys. of N. Am. v. Dekalb County*, 303 F. Supp. 2d 1335, 1348 (N.D. Ga. 2004) (remanding to state court federal takings and inverse condemnation claims that were not ripe); *Anderson v. Chamberlain*, 134 F. Supp. 2d 156, 162 (D. Mass. 2001) (finding that a fifth Amendment claim that is not ripe because plaintiff had not requested compensation through Massachusetts inverse condemnation statute must be remanded pursuant to 28 U.S.C. § 1447(c)).

While Pacific County points to several cases where the district court properly decided to dismiss the federal takings claim as unripe, those cases were either originally filed in federal court or were decided pre-*San Remo*. Dkt. 7, at 11 (citing *Broughton Lumber Co.*, 975 F.2d at 621); Dkt. 8, at 3 (citing *Macri*, 126 F.3d at 1125); Dkt. 13, at 5 (citing *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1118 (N.D. Cal. 2002)). The holding of the Supreme Court in *San Remo* changed the landscape of federal regulatory takings claims, making clear that the failure to simultaneously pursue federal claims in state court with state inverse condemnation claims will likely result in a state court judgment that has a preclusive effect on a later federal action. *See San Remo*, 545 U.S. at 346-47. Given the holding of *San Remo*, it is more appropriate, in the interest of fairness, to remand Plaintiffs' federal takings claims along with Plaintiffs' state inverse condemnation claims so that Plaintiffs may pursue those claims simultaneously.

In sum, not only is Pacific County's motion to dismiss on the pleadings premature, but it is also not appropriate. Therefore, Pacific County's Cross Motion to Dismiss on the Pleadings Under F.R.C.P. Rule 12 (c) (Dkt. 7) should be denied.

**C.   MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

   *1.   Rule 12(b)(6) Standard*

A court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (citing *Conley v. Gibson*, 355 U.S. 41, 45-56 (1957)). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston*, 717 F.2d at 1300. If a claim is not based on a proper legal theory, the claim should be dismissed. *Id.*

   *2.   Pacific County's Motion to Dismiss Plaintiffs' Fourteenth Amendment Claim Should be Granted*

Pacific County asks this Court, pursuant to Rule 12(b)(6), to enter an order dismissing Plaintiffs' "Fourth Cause of Action." Dkt. 5, at 2; Dkt. 1-2, at 18. Plaintiffs' "Fourth Cause of Action" reads as follows: "Pacific County's acts and omissions constitute an irrational and arbitrary interference with the plaintiffs' property rights under the Fourteenth Amendment and Article I, Section 3 of the Washington State Constitution." Dkt. 1-2, at 18. Pacific County argues that Plaintiffs' request for relief via the Fourteenth Amendment is precluded by the well-established principle that substantive due process claims based on governmental interference with property rights are foreclosed by the Fifth Amendment's Takings Clause. Dkt. 5, at 2 (citing *Armendariz v. Penman*, 75 F.3d 1311 (9th Cir. 1996)).

Plaintiffs respond that the Court should either strike Pacific County's motion as moot or deny the motion outright because the motion to dismiss is "untimely and unjustified." Dkt. 6, at 1-2. Plaintiffs argue that the motion is untimely because Plaintiffs have already moved to remand

ORDER
Page 10

the action, and the motion is unjustified because, under Washington law, Plaintiffs can pursue a substantive due process claim brought under the Fourteenth Amendment along with their Fifth Amendment takings claim. *Id.*

On its face, Plaintiffs' Complaint states federal claims under the Fifth and Fourteenth Amendments that give rise to Pacific County's right to remove under 42 U.S.C. § 1441. Dkt. 1-2, at 18. Unlike Plaintiffs' Fifth Amendment claim, however, Plaintiffs' Fourteenth Amendment claim is not subject to the second *Williamson County* prong, the state remedies compensation requirement. *Sinaloa*, 864 F.2d at 1481 ("[W]e reject the contention that *Williamson County* requires plaintiffs to seek relief in state court for the alleged violation of their right to due process."). Some debate exists as to whether substantive due process claims are subject to *Williamson County's* first prong, the finality requirement. *See Picard v. Bay Area Reg'l Transit Dist.*, 823 F. Supp. 1519, 1524 (1993). Regardless, that finality requirement appears to be fulfilled in this case. Here, according to the pleadings, Pacific County made a decision to institute a moratorium in August of 2005 and extended that moratorium through late 2006, and Pacific County applied that moratorium to Plaintiffs. Dkt. 1-2, at 9, 14-15; Dkt. 12, at 4, 6. Therefore, no *Williamson County* jurisdictional bar prohibits this Court from hearing Plaintiffs' Fourteenth Amendment claims.

Because the Court has federal question jurisdiction over Plaintiffs' Fourteenth Amendment claim, the Court must analyze whether such a claim is permissible under federal law. The Ninth Circuit has held that "when an explicit textual provision of the Constitution protects against the challenged government action, the claim must be analyzed under that specific provision alone and not under the more general guarantee of substantive due process." *Macri*, 126 F.3d at 1128 (citing *Armendariz*, 75 F.3d at 1325-26). The Takings Clause provides an explicit textual source

of constitutional protection against private takings. *Id.* Therefore, Plaintiffs' Fourteenth Amendment substantive due process claim does not stand, and the Court should grant Pacific County's Motion to Dismiss pursuant to Rule 12(b)(6) (Dkt. 5).

### III.   CONCLUSION

In sum, Pacific County's Motion and Memorandum to Dismiss Under FRCP 12(b)(6) should be granted, and Plaintiffs' Fourteenth Amendment substantive due process claim should be dismissed. Because Plaintiffs' Fifth Amendment claim is not yet ripe, that claim should be remanded to Lewis County Superior Court. Plaintiffs' Motion to Remand, to that extent, should be granted. After Plaintiffs' Fourteenth Amendment claim has been dismissed, and Plaintiffs' Fifth Amendment claim and related Civil Rights claims have been remanded, all that remains is Plaintiffs' state law claim. The Court may decline to exercise supplemental jurisdiction over the remaining state claim pursuant to 28 U.S.C. § 1367(e). The remaining state claim should be remanded along with the Fifth Amendment takings claim and related Civil Rights claim.

### IV.   ORDER

Therefore, it is hereby **ORDERED**:

- Pacific County's Motion and Memorandum to Dismiss Under FRCP 12(b)(6) (Dkt. 5) is **GRANTED** and Plaintiffs' Fourteenth Amendment substantive due process claim, made under 42 U.S.C. § 1983, asserted in Plaintiffs' Fourth Cause of Action, (Dkt. 1-2, at 18) is **DISMISSED**;

- Pacific County's Response to Plaintiffs' Motion for Remand and Cross-Motion to Dismiss on the Pleadings under F.R.C.P. Rule 12 (c) (Dkt. 7) is **DENIED** in accordance with the above discussion;

- Plaintiffs' Motion to Remand (Dkt. 4) is **GRANTED** in part, and all of Plaintiffs' remaining claims are **REMANDED** to Lewis County Superior Court; and

- The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is further directed to send certified copies of this Order to the Clerk of the Court for Lewis County Superior Court.

DATED this 9th day of May, 2007.

*Robert J. Bryan* (signature)
ROBERT J. BRYAN
United States District Judge

ORDER
Page 13