UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW DONEY, STRUCTURAL INVESTMENTS & PLANNING IV, LLC, WASHINGTON COAST II, LLC, and PACIFIC CREST 1 DEVELOPMENT, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC COUNTY, a municipal corporation,<br><br>Defendant. | CASE NO. C07-5123RJB<br><br>**ORDER** |

This matter comes before the Court on Plaintiffs' Motion for Attorney's Fees and Costs Pursuant to 28 U.S.C. § 1447(c). Dkt. 15. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of a regulatory property takings challenge, whereby Plaintiffs allege that Defendant, Pacific County, unconstitutionally deprived Plaintiffs of their right to use, develop, and enjoy their property. Dkt. 1-2, at 5. In their Complaint, Plaintiffs allege that they are owners of a large tract of property located in Pacific County near or within the "Seaview Dunal Area," and that for the past sixty years, developments within the Seaview Dunal Area have been the subject of "prolonged and highly contentious battles" among property owners and various local entities. *Id.*, at 7. Plaintiffs allege that on June 1, 2005, Pacific County approved a

ORDER
Page 1

1 permit that entitled Plaintiffs to conduct certain development activities on this property. *Id.*, at 8.
2 Plaintiffs allege that widespread community disapproval of the development lead Pacific County
3 to thwart Plaintiffs' attempts to further develop the property. *Id.* Eventually, Pacific County
4 adopted a temporary moratorium barring certain development of property in the Seaview Dunal
5 Area. *Id.*, at 9; Dkt. 12, at 4.

6 Plaintiffs filed the original Complaint in Lewis County Superior Court on March 7, 2007.
7 *Id.* Plaintiffs claim Defendant's adoption of the moratorium: 1) constituted an impermissible
8 taking under the Fifth and Fourteenth Amendments to the Federal Constitution, 2) constituted an
9 impermissible taking under Article 1 Section 16 of the Washington State Constitution, 3) violated
10 their rights under 42 U.S.C. § 1983, and 4) violated their Substantive Due Process rights pursuant
11 to the Fourteenth Amendment to the Federal Constitution, and Article 1 Section 3 of the
12 Washington State Constitution. *Id.*, at 16-17. On March 15, 2007, Pacific County removed the
13 case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Dkt. 1-1.

14 On May 9, 2007, after finding it had federal question jurisdiction under 28 U.S.C. § 1331
15 over Plaintiffs' substantive due process claim (Plaintiffs' Fourth Cause of Action), this Court
16 granted Defendant's motion and dismissed the claim pursuant to Ninth Circuit precedent. Dkt.
17 14. Further, in light of the ripeness requirements of *Williamson County Reg'l Planning Comm'n*
18 *v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), the Plaintiff's Motion to Remand was
19 granted as to the remaining claims. *Id.* Plaintiffs now move for attorneys fees arguing that an
20 award of fees, pursuant to 28 U.S.C. § 1447(c) is proper to reimburse them for the delay and
21 expense caused by Defendant's removal. Dkt. 15.

## II. DISCUSSION

23 An order remanding a case "may require payment of just costs and any actual expenses,
24 including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent
25 unusual circumstances, courts may award attorney's fees under § 1447(c) only where the
26 removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an
27 objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546
28

ORDER
Page 2

U.S. 132, 140 (2005)(*internal citation omitted*).

Defendants had an objectively reasonable basis to seek removal regardless of the fact that the claims were partly remanded and partly dismissed. Plaintiffs' Motion for Attorneys Fees should be denied.

### III. ORDER

Therefore, it is hereby **ORDERED:**

- Plaintiffs' Motion for Attorney's Fees and Costs Pursuant to 28 U.S.C. § 1447(c) (Dkt. 15) is **DENIED**; and

- The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is further directed to send certified copies of this Order to the Clerk of the Court for Lewis County Superior Court.

DATED this 11th day of June, 2007.

Robert J. Bryan
United States District Judge

ORDER
Page 3